IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALLEN WAYNE SCHOFIELD, # 314844, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CIVIL ACTION NO. ) 2:21-CV-173-RAH-SRW ) [WO] |
| GWENDOLYN GIVENS, *et al.*, | ) ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the Court on Petitioner Allen Wayne Schofield's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on January 11, 2021. Doc. 1. Schofield challenges his convictions and sentence for multiple sex offenses following a June 2018 jury trial in the Circuit Court of Butler County, Alabama. He presents claims of double jeopardy and ineffective assistance of counsel.

In an answer filed on March 24, 2021 (Doc. 13), Respondents contend that Schofield has not exhausted his claims in the state courts because the claims were presented in an Alabama Rule 32 petition still pending in the state trial court. *See* Ala. R. Crim P. 32. Respondents maintain that Schofield's § 2254 petition should therefore be dismissed without prejudice so Schofield may exhaust his claims in the state courts.

In light of the arguments and evidence presented by Respondents, the Court entered an order allowing Schofield to demonstrate why his petition should not be dismissed without prejudice for his failure to exhaust state court remedies. Doc. 14. Schofield filed a response on April 8, 2021. Doc. 15.

**II. DISCUSSION**

A longstanding prerequisite to filing a federal habeas corpus petition is that a petitioner must exhaust his state court remedies, 28 U.S.C. § 2254(b)(1), giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277–78. To exhaust, "prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala. R. App. P. 39, 40. The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

The record reflects that Schofield has not exhausted his state court remedies regarding the claims in his § 2254 petition. As Respondents observe, Schofield's claims of double jeopardy and ineffective assistance of counsel were presented in a timely Rule 32 petition filed with the state trial court in December 2019. That Rule 32 petition is still pending in the trial court. If Schofield receives an adverse ruling on the Rule 32 petition, he may then exhaust his claims by seeking review of the trial court's decision in the Alabama appellate courts. *See Smith*, 256 F.3d at 1140–41. As indicated above, the exhaustion requirement applies to state post-conviction proceedings (e.g., under Ala. R. Crim. P. 32) and to direct appeals alike. *See Pruitt*, 348 F.3d at 1359.

Schofield argues that the exhaustion requirement should be excused in his case because the state trial court has yet to rule on his Rule 32 petition filed in December 2019 and has unreasonably delayed disposition of that petition. Doc. 15 at 4–8. A federal habeas petitioner may be excused from the exhaustion requirement where there are unreasonable, unexplained state delays in acting on the petitioner's state post-conviction petition. *Cook v. Fla. Parole & Prob. Comm'n*, 749 F.2d 678, 680 (11th Cir. 1985).

Schofield filed his Rule 32 petition in the trial court on December 4, 2019. The State filed an answer to the Rule 32 petition on March 13, 2020. Doc. 13-19. To date, the trial court has not ruled on the Rule 32 petition. Schofield filed this § 2254 petition on January 11, 2021, approximately 10 months after the State filed its answer to his Rule 32 petition. Schofield does not allege that he has sought to invoke a ruling on his Rule 32 petition by requesting that the trial court dispose of the petition or by filing a petition for writ of mandamus with the Alabama Court of Criminal Appeals seeking an order directing the trial court to expedite a ruling on the Rule 32 petition. Under these circumstances, the Court cannot say that the state trial court's delay in ruling on Schofield's Rule 32 petition is so unreasonable and unjustified as to excuse the § 2254 exhaustion requirement.

The Court finds it inappropriate to rule on Schofield's claims without first allowing him to exhaust the remedies available to him in the Alabama state courts. *See* 28 U.S.C. § 2254(1)(b)(2). The Court therefore concludes this § 2254 petition should be dismissed <u>without prejudice</u> so Schofield may exhaust those remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to allow Schofield to exhaust his state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **April 27, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 12th day of April, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge